# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 21-77** |
| | : | |
| **TAYANNA BOWMAN** | : | |

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

1. As a result of the defendant's guilty plea to distribution, and attempted distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count One), the defendant hereby forfeits to the United States all right, title and interest in: (1) any visual depiction, or any book, magazine, periodical, film, videotape, or any other matter which contains such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. § 2252(a)(2); (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from a violation of 18 U.S.C. § 2252(a)(2); and (3) any property, real or personal, used or intended to be used to commit, or to promote, the commission of the defendant's violation of 18 U.S.C. § 2252(a)(2), or any property traceable to such property.

2. The Court has determined, based on the facts set forth at the change of plea hearing and those set forth in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal act alleged in Count One of the Information and that the government has established the requisite nexus between such property and such offense:

   a) one (1) Apple iPhone bearing serial number FFMX146AJC69; and

   b) one (1) Apple Mac Book Air laptop computer bearing serial number C02MQ530F6T5;

as the property used or intended to be used, to commit or to promote, the defendant's commission of a violation of the aforesaid offense (hereinafter referred to as the "Subject Property").

3. The defendant's interest in the Subject Property, that was used or intended to be used, to commit or to promote, the defendant's commission of a violation of 18 U.S.C. § 2252(a)(2) (Count One), to which the defendant admitted guilt, is forfeited to the United States.

4. Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 2 above, and to dispose of the Subject Property in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Upon entry of this Order, the Attorney General or a designee, pursuant to Federal Rules of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

6. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R.

Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

7. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

8. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4) the Preliminary Order of Forfeiture shall be made final, as to the defendant, prior to her sentencing and shall be made part of the sentence

and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in the sentence and in the judgment).

10. Following the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI") and to counsel for the parties.

**ORDERED this** 27th **day of** January **, 2022.**

s/ Michael M. Baylson
HONORABLE MICHAEL M. BAYLSON
*Judge, United States District Court*